IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eve Williams, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Resurgent Capital Services LP and LVNV Funding LLC,<br><br>　　　　　　　Defendants. | Civil Action No. 6:22-cv-3731-TMC<br><br>**ORDER** |

Plaintiff Eve Williams, represented by counsel, brings this purported class action against Defendants Resurgent Capital Services LP ("Resurgent") and LVNV Funding LLC ("LVNV") (collectively, "Defendants"), asserting three claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, and 1692g. (ECF No. 1). On November 18, 2022, Defendants filed a motion to dismiss and/or compel arbitration. (ECF No. 9). Williams filed her response in opposition to Defendants' motion on December 23, 2022, (ECF No. 14), and Defendants replied, (ECF No. 17). Thereafter, the undersigned referred the motion to the United States Magistrate Judge for a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 19). On May 5, 2023, the magistrate judge entered his Report, recommending the court grant Defendants' motion to dismiss. (ECF No. 21). All parties are represented by counsel and are, therefore, presumed to be on notice of their right to file specific objections to the Report. *Young v. Berryhill*, Civ. A. No. 2:16-cv-03437-JMC, 2018 WL 689711, at *1 (D.S.C. Feb. 1, 2018). Moreover, the Report itself advised the parties of their right to file specific objections within fourteen days. (ECF No. 21 at 10). However, to date, no objections

have been filed and the time in which to do so has now expired.  Accordingly, this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 21), which is incorporated herein by reference.  Accordingly, the court **GRANTS** Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9).  To the extent Defendants' motion also seeks to compel arbitration, the motion is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 1, 2023
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.